

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00281-CV

_____

IN THE INTEREST OF C.V., A CHILD

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 19-9668-393

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Pro se Appellant S.D. (Mother) attempts to appeal from the trial court's interlocutory order denying her plea to the jurisdiction. Appellee A.D. (Stepfather) moves to dismiss this appeal for want of jurisdiction. The case is still pending in the trial court. Because we do not have jurisdiction to entertain this interlocutory appeal, we grant Stepfather's motion and dismiss the appeal for want of jurisdiction.

In her notice of appeal, Mother states that she is appealing from the trial court's "order for standing." In that order, entitled "Order on Plea to the Jurisdiction," the trial court held that Stepfather had standing to bring the suit and denied Mother's plea to the jurisdiction. On November 5, 2020, Stepfather filed a motion to dismiss Mother's appeal in this court. In the motion, Stepfather contends that because the case is still pending in the trial court and because Mother is not a governmental unit, she cannot now appeal the denial of her plea to the jurisdiction. Mother has not responded to the motion.

We have appellate jurisdiction over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). We also have appellate jurisdiction over appeals from interlocutory orders that the Texas Legislature has specified are appealable. *Id.* at 195; *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows an appeal from an interlocutory order that grants or denies a governmental unit's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Mother is not

2

a governmental unit. *See id.*; *In re I.C.D.N.*, No. 05-17-01426-CV, 2018 WL 580274, at *1 (Tex. App.—Dallas Jan. 29, 2018, no pet.) (mem. op.); *Clifton v. Burroughs*, No. 2-08-404-CV, 2008 WL 5401489, at *1 (Tex. App.—Fort Worth Dec. 23, 2008, no pet.) (per curiam) (mem. op.).

Because a governmental unit did not file the plea to the jurisdiction, the trial court's order denying the plea is not subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); *I.C.D.N.*, 2018 WL 580274, at *1; *Clifton*, 2008 WL 5401489, at *1. Accordingly, we grant Stepfather's motion to dismiss, and we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: December 3, 2020

3